## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS )
CORPORATION, )
)
)
Plaintiff, )
) C.A. No. 25-1330-GBW
v. )
)
APOTEX INC. and APOTEX CORP., )
)
Defendants. )
)

## DEFENDANTS' ANSWER AND SEPARATE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex" or "Defendants"), by

and through their undersigned counsel, file this Answer and Separate Defenses to Plaintiff Novartis

Pharmaceuticals Corporation's ("Novartis" or "Plaintiff") Complaint, and state as follows:

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Apotex denies all allegations and characterizations in

Plaintiff's Complaint except those specifically admitted below. Apotex further denies liability for

all allegations of patent infringement and that Plaintiff is entitled to the relief requested or any

other. In responding to the Complaint, Apotex uses the headings employed by Plaintiff strictly as

a convenience to the Court, and does not admit any allegation made in, or inference suggested by,

such headings. Apotex answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.      Plaintiff Novartis Pharmaceuticals Corporation ("Novartis" or "Plaintiff")
files this Complaint for patent infringement against Apotex Inc. and Apotex Corp.
(collectively, "Apotex"), and by its attorneys, hereby alleges as follows:

**ANSWER:**    This is an introductory paragraph to which no answer is required. To the

extent an answer is required, Apotex admits that Plaintiff filed a Complaint for patent infringement

against Apotex.

2.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of Apotex's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of Mekinist® (trametinib dimethyl sulfoxide) tablets, 0.5 mg and 2 mg, prior to the expiration of U.S. Patent No. 8,580,304 ("the '304 patent"); U.S. Patent No. 9,155,706 ("the '706 patent"); U.S. Patent No. 9,271,941 ("the '941 patent"); and 9,399,021 ("the '021 patent"). These patents are referred to collectively herein as the "Patents-in-Suit."

**ANSWER:**   Apotex admits that Plaintiff filed this civil action alleging patent infringement under the patent laws of the United States, Title 35 of the United States Code, and that Plaintiff alleges that Apotex's submission of an Abbreviated New Drug Application ("ANDA") directed to a generic drug product containing trametinib dimethyl sulfoxide infringes and/or will infringe U.S. Patent Nos. 8,580,304 ("the '304 patent"), 9,155,706 ("the '706 patent"), 9,271,941 ("the '941 patent"), and 9,399,021 ("the '021 patent") (collectively, the "Patents-in-Suit"). Except as expressly admitted, Apotex lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2, and on that basis denies these allegations.

3.      Apotex notified Novartis by letter dated September 17, 2025 ("Apotex's Notice Letter") that it had submitted to the FDA ANDA No. 220471 ("Apotex's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of trametinib tablets, 0.5 mg and 2 mg, ("Apotex's ANDA Product") prior to the expiration of the Patents-in-Suit.

**ANSWER:**   Paragraph 3 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that on or about September 17, 2025, Apotex sent a Notice Letter to Novartis. The content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 3.

## PARTIES

4.      Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

5. Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 59 Route 10, East Hanover, New Jersey 07936. Novartis Pharmaceuticals Corporation is the holder of New Drug Application ("NDA") No. 204114 for the manufacture and sale of trametinib dimethyl sulfoxide tablets, 0.5 mg and 2 mg, which has been approved by the FDA.

**ANSWER:** On information and belief, Apotex admits the allegations of Paragraph 5.

6. On information and belief, Apotex Inc. is a company organized and existing under the laws of Canada, with a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

**ANSWER:** Admitted.

7. On information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

**ANSWER:** Admitted.

8. On information and belief, Apotex Corp. is the U.S. subsidiary of Apotex Inc., acts at the direction, and for the benefit, of Apotex Inc., and is controlled and/or dominated by Apotex Inc. Alternatively, on information and belief, Apotex Corp. and Apotex Inc. act at the direction, and for the benefit, of a common corporate parent, and are controlled and/or dominated by said common corporate parent.

**ANSWER:** Paragraph 8 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 8.

9. On information and belief, Apotex is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

**ANSWER:** Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that it develops and manufactures

3

high-quality generic pharmaceutical products that are ultimately used by consumers in the United States. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 9.

## **JURISDICTION**

10.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

11.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER:**   Paragraph 11 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 11.

12.     This Court has personal jurisdiction over Defendant Apotex Corp.

**ANSWER:**   Paragraph 12 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex Corp. does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 12.

13.     Apotex Corp. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware located at 800 North State Street Suite 304, Dover, Delaware 19901. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Apotex Corp., acting in concert with Apotex Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware

related to Novartis's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

**ANSWER:** Paragraph 13 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex Corp. does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 13.

14. On information and belief, Apotex Corp. knows and intends that following any approval of Apotex's ANDA No. 220471, Apotex Corp. will, in concert with Apotex Inc., manufacture and import into the United States Apotex's ANDA Product and directly or indirectly market, sell, and distribute Apotex's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of ANDA No. 220471, Apotex Corp. knows and intends that Apotex's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**ANSWER:** Paragraph 14 is wholly speculative and contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 14.

15. Apotex Corp. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

**ANSWER:** Paragraph 15 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex acknowledges that Apotex Corp. has in the past filed ANDAs that included patent certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and has complied with the requirements of that statute. Except as expressly admitted, Apotex denies the allegations of Paragraph 15.

16. On information and belief, Apotex Corp., with knowledge of the Hatch-Waxman Act process, directed Apotex's Notice Letter to Novartis Pharmaceuticals Corporation, an entity incorporated in Delaware, and alleged in Apotex's Notice

Letter that each claim of the Patents-in-Suit is invalid and/or not infringed. On information and belief, Apotex Corp. knowingly and deliberately challenged Novartis's patent rights, and knew when it did so that it was triggering the provisions of the Hatch-Waxman Act for Novartis to bring an action for patent infringement.

**ANSWER:** Paragraph 16 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that it complied with its statutory obligations under 21 U.S.C. § 355(j)(2)(A)(vii) by sending Apotex's Notice Letter to Novartis's business address in the state of New Jersey, and that the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 16.

17. Because Novartis is incorporated in Delaware, Novartis suffers injury and consequences from Apotex Corp.'s filing of Apotex's ANDA, challenging Novartis's patent rights in Delaware. On information and belief, Apotex Corp. knew that it was deliberately challenging the patent rights of a Delaware entity. Apotex Corp. has been a litigant in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that by sending Apotex's Notice Letter to Novartis Pharmaceuticals Corporation, a Delaware corporation, that it would be sued in Delaware for patent infringement.

**ANSWER:** Paragraph 17 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that Apotex Corp. has been a party to prior litigation arising under the Hatch-Waxman Act. Except as expressly admitted, Apotex denies the allegations of Paragraph 17.

18. On information and belief, if Apotex's ANDA is approved, Apotex Corp. will directly or indirectly market, sell, and/or distribute Apotex's ANDA Product within the United States, including in Delaware, consistent with Apotex Corp.'s practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Apotex Corp. regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Apotex Corp.'s generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Apotex's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within

6

Delaware and would constitute infringement of the claims of the Patents-in-Suit in the event that Apotex's ANDA Product is approved before the patents expire.

**ANSWER:** Paragraph 18 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that certain of its pharmaceutical products are distributed to the State of Delaware. Except as expressly admitted, Apotex denies the allegations of Paragraph 18.

19. On information and belief, Apotex Corp. derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Apotex Corp. and/or for which Apotex Corp. is the named applicant on approved ANDAs. On information and belief, various products for which Apotex Corp. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

**ANSWER:** Paragraph 19 contains legal conclusions and allegations to which no answer is required. Apotex admits that certain of its pharmaceutical products are distributed to the State of Delaware. Except as expressly admitted, Apotex lacks knowledge concerning the remaining allegations of Paragraph 19 and on that basis denies those allegations.

20. This Court has personal jurisdiction over Defendant Apotex Inc.

**ANSWER:** Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex Inc. does not contest personal jurisdiction for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 20.

21. Apotex Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Apotex Inc., acting in concert with Apotex Corp., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Novartis's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

**ANSWER:**   Paragraph 21 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex Inc. does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 21.

22.     On information and belief, Apotex Inc. knows and intends that following any approval of Apotex's ANDA No. 220471, Apotex Inc. will, in concert with Apotex Corp., manufacture and import into the United States Apotex's ANDA Product and directly or indirectly market, sell, and distribute Apotex's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of ANDA No. 220471, Apotex Inc. knows and intends that Apotex's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**ANSWER:**   Paragraph 22 is wholly speculative and contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 22.

23.     Apotex Inc. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

**ANSWER:**   Paragraph 23 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex acknowledges that Apotex Inc. has in the past developed ANDAs that included patent certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and that Apotex Inc. has complied with the requirements of that statute. Except as expressly admitted, Apotex denies the allegations of Paragraph 23.

24.     On information and belief, Apotex Inc., with knowledge of the Hatch-Waxman Act process and in concert with Apotex Corp., directed Apotex's Notice Letter to Novartis, an entity incorporated in Delaware, and alleged in Apotex's Notice Letter that each claim of the Patents-in-Suit is invalid and/or not infringed. On information and belief, Apotex Inc. knowingly and deliberately challenged

8

Novartis's patent rights and knew when it did so that it was triggering the provisions of the Hatch-Waxman Act for Novartis to bring an action for patent infringement.

**ANSWER:**    Paragraph 24 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that it complied with its statutory obligations under 21 U.S.C. § 355(j)(2)(A)(vii) by sending Apotex's Notice Letter to Novartis's business address in the state of New Jersey, and that the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 24.

25.    Because Novartis is incorporated in Delaware, Novartis suffers injury and consequences from Apotex Inc.'s filing of Apotex's ANDA, challenging Novartis's patent rights in Delaware. On information and belief, Apotex Inc. knew that it was deliberately challenging the patent rights of a Delaware entity. Apotex Inc. has been a litigant in connection with at least one other infringement action under the Hatch-Waxman Act and reasonably should have anticipated that by sending Apotex's Notice Letter to Novartis, a Delaware corporation, that it would be sued in Delaware for patent infringement.

**ANSWER:**    Paragraph 25 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that Apotex Corp. has been a party to prior litigation arising under the Hatch-Waxman Act. Except as expressly admitted, Apotex denies the allegations of Paragraph 25.

26.    On information and belief, if Apotex's ANDA is approved, Apotex Inc. will directly or indirectly market, sell, and/or distribute Apotex's ANDA Product within the United States, including in Delaware, consistent with Apotex Inc.'s practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Apotex Inc., including in concert with Apotex Corp., regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Apotex Inc.'s generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Apotex's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the claims of the Patents-in-Suit in the event that Apotex's ANDA Product is approved before the patents expire.

9

**ANSWER:** Paragraph 26 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that certain of its pharmaceutical products are distributed to the State of Delaware. Except as expressly admitted, Apotex denies the allegations of Paragraph 26.

27. Alternatively, if Apotex Inc.'s connections with Delaware, including its connections with Apotex Corp., are found to be insufficient to confer personal jurisdiction, then upon information and belief, Apotex Inc. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Apotex Inc. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

**ANSWER:** Paragraph 27 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex Inc. does not contest personal jurisdiction in this Court for the limited purposes of this action only. Apotex denies the allegations of Paragraph 27.

28. In addition, this Court has personal jurisdiction over Apotex because Apotex Corp. and Apotex Inc. regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Bayer Intellectual Property GmbH et al. v. Apotex Inc. et al.*, Case No. 23-327-RGA, D.I. 11 (D. Del. June 30, 2023); *Bayer Pharma AG et al. v. Apotex Inc. et al.*, Case No. 22-1596-RGA, D.I. 11 (D. Del. Mar. 7, 2023); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, Case No. 21-1429-WCB, D.I. 14 (D. Del. Mar. 1, 2022); *Bial-Portela & CA S.A. v. Apotex Inc. et al.*, Case No. 21-187-CFC, D.I. 6 (D. Del. Mar. 3, 2021); *Merck Sharp & Dohme Corp. v. Apotex Inc. et al.*, Case No. 20-749-RGA, D.I. 7 (D. Del. June 26, 2020).

**ANSWER:** Paragraph 28 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex does not contest personal jurisdiction in this Court for the limited purposes of this action only. Prior consent to personal jurisdiction in this Court has no bearing on this action. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 28.

## VENUE

29.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

30.    Venue is proper in this district as to Apotex Corp. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware.

**ANSWER:**    Paragraph 30 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex Corp. does not contest venue in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 30.

31.    Venue is proper in this district for Apotex Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Inc. is a corporation organized and existing under the laws of Canada and is subject to personal jurisdiction in this judicial district.

**ANSWER:**    Paragraph 31 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex Inc. does not contest venue in this Court for the limited purposes of this action only. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 31.

## FACTUAL BACKGROUND

32.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

33.    Mekinist®, which contains trametinib dimethyl sulfoxide, is an anticancer medication indicated for treatment of certain types of melanoma.

11

**ANSWER:**    Paragraph 33 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the prescribing information for Mekinist® states that Mekinist® is indicated for treatment of certain types of melanoma. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 33.

34.    On information and belief, Apotex's ANDA Product is a generic version of Novartis's Mekinist®.

**ANSWER:**    Paragraph 34 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the Reference Listed Drug for Apotex's ANDA No. 220471 is NDA No. 204114, but that Apotex's ANDA No. 220471 seeks approval from FDA for not all indications for which NDA No. 204114 has been approved by FDA. Except as expressly admitted, denies the allegations of Paragraph 34.

35.    On information and belief, Apotex's ANDA Product is not publicly available, nor is ANDA No. 220471 accessible to the public.

**ANSWER:**    Admitted.

### COUNT I – INFRINGEMENT OF THE '304 PATENT

36.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

37.    The '304 patent, entitled "Pharmaceutical Composition" (attached as Exhibit A), was duly and legally issued on November 12, 2013.

**ANSWER:**    Apotex admits that the '304 patent is titled "Pharmaceutical Composition," and that the United States Patent and Trademark Office ("USPTO") issued the '304 patent on or about November 12, 2013. What appears to be an uncertified copy of the '304 patent was attached to Plaintiff's Complaint as Exhibit A. Except as expressly admitted, Apotex lacks knowledge or

12

information sufficient to form a belief about the truth of the allegations of Paragraph 37, and on that basis denies these allegations.

38.     Novartis Pharmaceuticals Corporation is the owner and assignee of the '304 patent.

**ANSWER:**     Paragraph 38 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the USPTO's online assignment database lists Novartis Pharmaceuticals Corporation as the current assignee of the '304 patent. Except as expressly admitted, Apotex denies the allegations of Paragraph 38.

39.     The '304 patent claims, *inter alia*, pharmaceutical tablets comprising trametinib dimethyl sulfoxide solvate, wherein the tablet contains from about 25% to about 89% by weight of one or more excipients, the excipients are substantially free of water, the amount of unsolvated drug does not exceed about 20%, and/or at least 50% of the drug particles have a particle size of 30 microns or less.

**ANSWER:**     Paragraph 39 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 39.

40.     Mekinist® is covered by one or more claims of the '304 patent, including claims 1 and 8 of the '304 patent, and the '304 patent has been listed in connection with Mekinist® in the FDA's Orange Book.

**ANSWER:**     Paragraph 40 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" ("Orange Book"), lists the '304 patent in connection with NDA No. 204114. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 40.

41.     In Apotex's Notice Letter, Apotex notified Novartis of the submission of Apotex's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '304 patent.

**ANSWER:**    Paragraph 41 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 41.

42.    In Apotex's Notice Letter, Apotex also notified Novartis that, as part of its ANDA, Apotex had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '304 patent. On information and belief, Apotex submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '304 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product.

**ANSWER:**    Paragraph 42 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '304 patent and that the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 42.

43.    On information and belief, Apotex's ANDA Product is covered by at least claims 1 and 8 of the '304 patent.

**ANSWER:**    Paragraph 43 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 43.

44.    On information and belief, Apotex's ANDA Product is a pharmaceutical tablet that contains trametinib dimethyl sulfoxide solvate.

**ANSWER:**    Paragraph 44 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 is directed to trametinib oral tablets, 0.5 mg and 2 mg. Except as expressly admitted, Apotex denies the allegations of Paragraph 44.

45.    On information and belief, Apotex's ANDA Product contains from about 25% to about 89% by weight of one or more excipients that are substantially free of water.

14

**ANSWER:** Paragraph 45 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 45.

46. On information and belief, the amount of unsolvated drug in Apotex's ANDA Product does not exceed about 20%.

**ANSWER:** Paragraph 46 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 46.

47. On information and belief, at least 50% of the drug particles in Apotex's ANDA Product have a particle size of 30 microns or less.

**ANSWER:** Paragraph 47 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 47.

48. On information and belief, Apotex's submission of Apotex's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product before the expiration of the '304 patent was an act of infringement of one or more claims of the '304 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Paragraph 48 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 includes a certification to the '304 patent under 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Except as expressly admitted, Apotex denies the allegations of Paragraph 48.

49. On information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product immediately and imminently upon approval of its ANDA.

**ANSWER:** Paragraph 49 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 49.

50. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '304 patent, including, *inter alia*, claims 1 and 8 of the '304 patent.

15

**ANSWER:** Paragraph 50 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 50.

51. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '304 patent, including, *inter alia,* claims 1 and 8 of the '304 patent.

**ANSWER:** Paragraph 51 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 51.

52. On information and belief, Apotex plans and intends to, and will, actively induce infringement of the '304 patent when Apotex's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Apotex's activities will be done with knowledge of the '304 patent and specific intent to infringe that patent.

**ANSWER:** Paragraph 52 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 52.

53. Notwithstanding Apotex's knowledge of the claims of the '304 patent, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Apotex's ANDA Product with its product labeling following FDA approval of Apotex's ANDA prior to the expiration of the '304 patent.

**ANSWER:** Paragraph 53 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 53.

54. The foregoing actions by Apotex constitute and/or will constitute infringement of one or more claims of the '304 patent and active inducement of infringement of one or more claims of the '304 patent.

**ANSWER:** Paragraph 54 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 54.

55. Novartis will be substantially and irreparably damaged by infringement of the claims of the '304 patent.

**ANSWER:** Paragraph 55 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 55.

56.    Unless Apotex is enjoined from infringing and actively inducing infringement of the claims of the '304 patent, Novartis will suffer irreparable injury. Novartis has no adequate remedy at law.

**ANSWER:**    Paragraph 56 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 56.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '304 PATENT

57.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates each of its responses to Plaintiff's preceding

paragraphs as if fully set forth herein.

58.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Apotex on the other regarding Apotex's infringement and active inducement of infringement by others of one or more claims of the '304 patent.

**ANSWER:**    Paragraph 58 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 58.

59.    The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product with its proposed labeling, or any other Apotex drug product that is covered by or whose use is covered by the '304 patent, will infringe and induce the infringement by others of the '304 patent.

**ANSWER:**    Paragraph 59 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 59.

## COUNT III – INFRINGEMENT OF THE '706 PATENT

60.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates each of its responses to Plaintiff's preceding

paragraphs as if fully set forth herein.

61.     The '706 patent, entitled "Pharmaceutical Composition" (attached as Exhibit B), was duly and legally issued on October 13, 2015.

**ANSWER:**    Apotex admits that the '706 patent is titled "Pharmaceutical Composition," and that the USPTO issued the '706 patent on or about October 13, 2015. What appears to be an uncertified copy of the '706 patent was attached to Plaintiff's Complaint as Exhibit B. Except as expressly admitted, Apotex lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61, and on that basis denies these allegations.

62.     Novartis Pharmaceuticals Corporation is the owner and assignee of the '706 patent.

**ANSWER:**    Paragraph 62 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the USPTO's online assignment database lists Novartis Pharmaceuticals Corporation as the current assignee of the '706 patent. Except as expressly admitted, Apotex denies the allegations of Paragraph 62.

63.     The '706 patent claims, *inter alia*, pharmaceutical tablets comprising trametinib dimethyl sulfoxide solvate, wherein at least 50% of drug particles have a particle size of 30 microns or less, and/or the drug particles are micronized.

**ANSWER:**    Paragraph 63 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 63.

64.     Mekinist® is covered by one or more claims of the '706 patent, including claims 1 and 8 of the '706 patent, and the '706 patent has been listed in connection with Mekinist® in the FDA's Orange Book.

**ANSWER:**    Paragraph 64 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the FDA's Orange Book lists the '706 patent in connection with NDA No. 204114. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 64.

18

65.    In Apotex's Notice Letter, Apotex notified Novartis of the submission of Apotex's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '706 patent.

**ANSWER:**    Paragraph 65 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 65.

66.    In Apotex's Notice Letter, Apotex also notified Novartis that, as part of its ANDA, Apotex had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '706 patent. On information and belief, Apotex submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '706 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product.

**ANSWER:**    Paragraph 66 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '706 patent and that the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 66.

67.    On information and belief, Apotex's Notice Letter and accompanying statement did not include any allegations that Apotex's ANDA Product does not infringe claims 1, 8 and 16 of the '706 patent.

**ANSWER:**    Paragraph 67 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 67.

68.    On information and belief, Apotex's ANDA Product is covered by at least claims 1, 8 and 16 of the '706 patent.

**ANSWER:**    Paragraph 68 contains legal conclusions and allegations to which no answer

19

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 68.

69.     On information and belief, Apotex's ANDA Product is a pharmaceutical tablet that contains trametinib dimethyl sulfoxide solvate.

**ANSWER:**     Paragraph 69 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 is directed to trametinib oral tablets, 0.5 mg and 2 mg. Except as expressly admitted, Apotex denies the allegations of Paragraph 69.

70.     On information and belief, at least 50% of the drug particles in Apotex's ANDA Product have a particle size of 30 microns or less.

**ANSWER:**     Paragraph 70 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 70.

71.     On information and belief, the drug particles are micronized in Apotex's ANDA Product.

**ANSWER:**     Paragraph 71 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 71.

72.     On information and belief, Apotex's submission of Apotex's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product before the expiration of the '706 patent was an act of infringement of one or more claims of the '706 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     Paragraph 72 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 72.

73.     On information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product immediately and imminently upon approval of its ANDA.

**ANSWER:**     Paragraph 73 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 73.

74.     On information and belief, the manufacture, use, sale, offer for sale, and/or

importation of Apotex's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '706 patent, including, *inter alia*, claims 1, 8, and 16 of the '706 patent.

**ANSWER:** Paragraph 74 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 74.

75. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '706 patent, including, *inter alia,* claims 1, 8, and 16 of the '706 patent.

**ANSWER:** Paragraph 75 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 75.

76. On information and belief, Apotex plans and intends to, and will, actively induce infringement of the '706 patent when Apotex's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Apotex's activities will be done with knowledge of the '706 patent and specific intent to infringe that patent.

**ANSWER:** Paragraph 76 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 76.

77. Notwithstanding Apotex's knowledge of the claims of the '706 patent, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Apotex's ANDA Product with its product labeling following FDA approval of Apotex's ANDA prior to the expiration of the '706 patent.

**ANSWER:** Paragraph 77 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 77.

78. The foregoing actions by Apotex constitute and/or will constitute infringement of one or more claims of the '706 patent and active inducement of infringement of one or more claims of the '706 patent.

**ANSWER:** Paragraph 78 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 78.

79.     Novartis will be substantially and irreparably damaged by infringement of the claims of the '706 patent.

**ANSWER:**     Paragraph 79 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 79.

80.     Unless Apotex is enjoined from infringing and actively inducing infringement of the claims of the '706 patent, Novartis will suffer irreparable injury. Novartis has no adequate remedy at law.

**ANSWER:**     Paragraph 80 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 80.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '706 PATENT

81.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**     Apotex incorporates each of its responses to Plaintiff's preceding

paragraphs as if fully set forth herein.

82.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Apotex on the other regarding Apotex's infringement and active inducement of infringement by others of one or more claims of the '706 patent.

**ANSWER:**     Paragraph 82 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 82.

83.     The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product with its proposed labeling, or any other Apotex drug product that is covered by or whose use is covered by the '706 patent, will infringe and induce the infringement by others of the '706 patent.

**ANSWER:**     Paragraph 83 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 83.

22

## COUNT V – INFRINGEMENT OF THE '941 PATENT

84.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

85.    The '941 patent, entitled "Pharmaceutical Composition" (attached as Exhibit C), was duly and legally issued on March 1, 2016.

**ANSWER:**    Apotex admits that the '941 patent is titled "Pharmaceutical Composition," and that the USPTO issued the '941 patent on or about March 1, 2016. What appears to be an uncertified copy of the '941 patent was attached to Plaintiff's Complaint as Exhibit C. Except as expressly admitted, Apotex lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 85, and on that basis denies these allegations.

86.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '941 patent.

**ANSWER:**    Paragraph 86 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the FDA's Orange Book lists the '941 patent in connection with NDA No. 204114. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 86.

87.    The '941 patent claims, *inter alia,* pharmaceutical tablets comprising trametinib dimethyl sulfoxide solvate, wherein the tablets contain from about 25% to about 89% by weight of one or more excipients and the excipients are substantially free of water, and/or at least 50% of the drug particles have a particle size of 30 microns or less.

**ANSWER:**    Paragraph 87 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 87.

88.    Mekinist® is covered by one or more claims of the '941 patent, including claims 1 and 8 of the '941 patent, and the '941 patent has been listed in connection with Mekinist® in the FDA's Orange Book.

**ANSWER:** Paragraph 88 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the Orange Book lists the '941 patent in connection with Mekinist®. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 88.

89. In Apotex's Notice Letter, Apotex notified Novartis of the submission of Apotex's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '941 patent.

**ANSWER:** Paragraph 89 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 89.

90. In Apotex's Notice Letter, Apotex also notified Novartis that, as part of its ANDA, Apotex had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '941 patent. On information and belief, Apotex submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '941 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product.

**ANSWER:** Paragraph 90 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '941 patent and that the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 89.

91. On information and belief, Apotex's ANDA Product is covered by at least claims 1 and 8 of the '941 patent.

**ANSWER:** Paragraph 91 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 91.

24

92.     On information and belief, Apotex's ANDA Product is a pharmaceutical tablet that contains trametinib dimethyl sulfoxide solvate.

**ANSWER:**     Paragraph 92 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 is directed to trametinib oral tablets, 0.5 mg and 2 mg. Except as expressly admitted, Apotex denies the allegations of Paragraph 92.

93.     On information and belief, Apotex's ANDA Product contains from about 25% to about 89% by weight of one or more excipients that are substantially free of water.

**ANSWER:**     Paragraph 93 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 93.

94.     On information and belief, at least 50% of the drug particles in Apotex's ANDA Product have a particle size of 30 microns or less.

**ANSWER:**     Paragraph 94 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 94.

95.     On information and belief, Apotex's submission of Apotex's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product before the expiration of the '941 patent was an act of infringement of one or more claims of the '941 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     Paragraph 95 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 95.

96.     On information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product immediately and imminently upon approval of its ANDA.

**ANSWER:**     Paragraph 96 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 96.

97.     On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product would infringe, literally and/or under the

doctrine of equivalents, one or more claims of the '941 patent, including, *inter alia*, claims 1 and 8 of the '941 patent.

**ANSWER:**  Paragraph 97 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 97.

98.  On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '941 patent, including, *inter alia,* claims 1 and 8 of the '941 patent.

**ANSWER:**  Paragraph 98 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 98.

99.  On information and belief, Apotex plans and intends to, and will, actively induce infringement of the '941 patent when Apotex's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Apotex's activities will be done with knowledge of the '941 patent and specific intent to infringe that patent.

**ANSWER:**  Paragraph 99 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 99.

100.  Notwithstanding Apotex's knowledge of the claims of the '941 patent, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Apotex's ANDA Product with its product labeling following FDA approval of Apotex's ANDA prior to the expiration of the '941 patent.

**ANSWER:**  Paragraph 100 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 100.

101.  The foregoing actions by Apotex constitute and/or will constitute infringement of one or more claims of the '941 patent and active inducement of infringement of one or more claims of the '941 patent.

**ANSWER:**  Paragraph 101 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph

101.

102. Novartis will be substantially and irreparably damaged by infringement of the claims of the '941 patent.

**ANSWER:** Paragraph 102 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 102.

103. Unless Apotex is enjoined from infringing and actively inducing infringement of the claims of the '941 patent, Novartis will suffer irreparable injury. Novartis has no adequate remedy at law.

**ANSWER:** Paragraph 103 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 103.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '941 PATENT

104. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

105. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Apotex on the other regarding Apotex's infringement and active inducement of infringement by others of one or more claims of the '941 patent.

**ANSWER:** Paragraph 105 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 105.

106. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product with its proposed labeling,

or any other Apotex drug product that is covered by or whose use is covered by the '941 patent, will infringe and induce the infringement by others of the '941 patent.

**ANSWER:** Paragraph 106 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 106.

## COUNT VII – INFRINGEMENT OF THE '021 PATENT

107. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

108. The '021 patent, entitled "Pharmaceutical Composition" (attached as Exhibit D), was duly and legally issued on July 26, 2016.

**ANSWER:** Apotex admits that the '021 patent is titled "Pharmaceutical Composition," and that the USPTO issued the '021 patent on or about July 26, 2016. What appears to be an uncertified copy of the '021 patent was attached to Plaintiff's Complaint as Exhibit D. Except as expressly admitted, Apotex lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 108, and on that basis denies these allegations.

109. Novartis Pharmaceuticals Corporation is the owner and assignee of the '021 patent.

**ANSWER:** Paragraph 109 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the USPTO's online assignment database lists Novartis Pharmaceuticals Corporation as the current assignee of the '021 patent. Except as expressly admitted, Apotex denies the allegations of Paragraph 109.

110. The '021 patent claims, *inter alia*, pharmaceutical tablets comprising trametinib dimethyl sulfoxide solvate, wherein drug particles are micronized, and/or at least 50% of the drug particles have a particle size of 30 microns or less.

**ANSWER:** Paragraph 110 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 110.

111. Mekinist® is covered by one or more claims of the '021 patent, including claims 1, 8, and 17 of the '021 patent, and the '021 patent has been listed in connection with Mekinist® in the FDA's Orange Book.

**ANSWER:** Paragraph 111 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that the FDA's Orange Book lists the '021 patent in connection with NDA No. 204114. Except as expressly admitted, Apotex denies the remaining allegations of Paragraph 111.

112. In Apotex's Notice Letter, Apotex notified Novartis of the submission of Apotex's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product prior to the expiration of the '021 patent.

**ANSWER:** Paragraph 112 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 112.

113. In Apotex's Notice Letter, Apotex also notified Novartis that, as part of its ANDA, Apotex had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '021 patent. On information and belief, Apotex submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '021 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product.

**ANSWER:** Paragraph 113 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '021 patent and that the

29

content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 113.

114.    On information and belief, Apotex's Notice Letter and accompanying statement did not include any allegations that Apotex's ANDA Product does not infringe claims 1, 8 and 17 of the '021 patent.

**ANSWER:**    Paragraph 114 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, the content of Apotex's Notice Letter speaks for itself. Except as expressly admitted, Apotex denies the allegations of Paragraph 114.

115.    On information and belief, Apotex's ANDA Product is covered by at least claims 1, 8, and 17 of the '021 patent.

**ANSWER:**    Paragraph 115 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 115.

116.    On information and belief, Apotex's ANDA Product is a pharmaceutical tablet that contains trametinib dimethyl sulfoxide solvate.

**ANSWER:**    Paragraph 116 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex admits that ANDA No. 220471 is directed to trametinib oral tablets, 0.5 mg and 2 mg. Except as expressly admitted, Apotex denies the allegations of Paragraph 116.

117.    On information and belief, the drug particles in Apotex's ANDA Product are micronized.

**ANSWER:**    Paragraph 117 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 117.

118.    On information and belief, at least 50% of the drug particles in Apotex's ANDA Product have a particle size of 30 microns or less.

**ANSWER:** Paragraph 118 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 118.

119. On information and belief, Apotex's submission of Apotex's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product before the expiration of the '021 patent was an act of infringement of one or more claims of the '021 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** Paragraph 119 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 119.

120. On information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product immediately and imminently upon approval of its ANDA.

**ANSWER:** Paragraph 120 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 120.

121. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '021 patent, including, *inter alia*, claims 1, 8, and 17 of the '021 patent.

**ANSWER:** Paragraph 121 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 121.

122. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '021 patent, including, *inter alia,* claims 1, 8, and 17 of the '021 patent.

31

**ANSWER:** Paragraph 122 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 122.

123. On information and belief, Apotex plans and intends to, and will, actively induce infringement of the '021 patent when Apotex's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Apotex's activities will be done with knowledge of the '021 patent and specific intent to infringe that patent.

**ANSWER:** Paragraph 123 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 123.

124. Notwithstanding Apotex's knowledge of the claims of the '021 patent, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Apotex's ANDA Product with its product labeling following FDA approval of Apotex's ANDA prior to the expiration of the '021 patent.

**ANSWER:** Paragraph 124 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 124.

125. The foregoing actions by Apotex constitute and/or will constitute infringement of one or more claims of the '021 patent and active inducement of infringement of one or more claims of the '021 patent.

**ANSWER:** Paragraph 125 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 125.

126. Novartis will be substantially and irreparably damaged by infringement of the claims of the '021 patent.

**ANSWER:** Paragraph 126 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 126.

127. Unless Apotex is enjoined from infringing and actively inducing infringement of the claims of the '021 patent, Novartis will suffer irreparable injury. Novartis has no adequate remedy at law.

**ANSWER:** Paragraph 127 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 127.

## <u>COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '021 PATENT</u>

128. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates each of its responses to Plaintiff's preceding paragraphs as if fully set forth herein.

129. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Apotex on the other regarding Apotex's infringement and active inducement of infringement by others of one or more claims of the '021 patent.

**ANSWER:** Paragraph 129 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 129.

130. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Product with its proposed labeling, or any other Apotex drug product that is covered by or whose use is covered by the '021 patent, will infringe and induce the infringement by others of the '021 patent.

**ANSWER:** Paragraph 130 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Apotex denies the allegations of Paragraph 130.

**PLAINTIFF'S PRAYER FOR RELIEF**

All allegations in Plaintiff's Complaint that are not expressly admitted by Apotex are denied. Apotex denies that Plaintiff is entitled to any of the relief sought in its Request for Relief.

**DEFENDANTS' SEPARATE DEFENSES**

Without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not expressly admitted, Apotex asserts the following Separate Defenses to Plaintiff's Complaint without assuming the burden of proof on any defense that would otherwise rest on Plaintiff. Apotex reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

**FIRST SEPARATE DEFENSE**
**(No Infringement of U.S. Patent No. 8,580,304)**

The manufacture, use, or sale, offer for sale, or importation of the products that are the subject of Apotex's ANDA No. 220471 has not infringed, do not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any valid or enforceable claim of the '304 patent.

**SECOND SEPARATE DEFENSE**
**(Invalidity of U.S. Patent No. 8,580,304)**

The '304 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101 *et seq*. including, *inter alia*, §§ 102, 103, and/or 112, or under judicially-created bases for invalidation, including but not limited to, obviousness-type double patenting.

34

## THIRD SEPARATE DEFENSE
### (No Infringement of U.S. Patent No. 9,155,706)

The manufacture, use, or sale, offer for sale, or importation of the products that are the subject of Apotex's ANDA No. 220471 has not infringed, do not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any valid or enforceable claim of the '706 patent.

## FOURTH SEPARATE DEFENSE
### (Invalidity of U.S. Patent No. 9,155,706)

The '706 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101 *et seq.* including, *inter alia*, §§ 102, 103, and/or 112, or under judicially-created bases for invalidation, including but not limited to, obviousness-type double patenting.

## FIFTH SEPARATE DEFENSE
### (No Infringement of U.S. Patent No. 9,271,941)

The manufacture, use, or sale, offer for sale, or importation of the products that are the subject of Apotex's ANDA No. 220471 has not infringed, do not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any valid or enforceable claim of the '941 patent.

## SIXTH SEPARATE DEFENSE
### (Invalidity of U.S. Patent No. 9,271,941)

The '941 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101 *et seq.* including, *inter alia*, §§ 102, 103, and/or 112, or under judicially-created bases for invalidation, including but not limited to, obviousness-type double patenting.

35

## SEVENTH SEPARATE DEFENSE
### (No Infringement of U.S. Patent No. 9,399,021)

The manufacture, use, or sale, offer for sale, or importation of the products that are the subject of Apotex's ANDA No. 220471 has not infringed, do not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any valid or enforceable claim of the '021 patent.

## EIGHTH SEPARATE DEFENSE
### (Invalidity of U.S. Patent No. 9,399,021)

The '021 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101 *et seq*. including, *inter alia*, §§ 102, 103, and/or 112, or under judicially-created bases for invalidation, including but not limited to, obviousness-type double patenting.

## NINTH SEPARATE DEFENSE
### (Failure to State a Claim for Exceptional Case)

Plaintiff's Complaint fails to state a claim for exceptional case under 35 U.S.C. § 285. Apotex's actions in defending this case do not give rise to an exceptional case.

## RESERVATION OF DEFENSES

Apotex reserves any and all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

Dated:  April 24, 2026

Respectfully submitted,

*/s/ Kaan Ekiner*

Kaan Ekiner (#5607)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001

*Of Counsel:*

Wilmington, DE 19801

W. Blake Coblentz
Aaron S. Lukas

Tel: (302) 295-2046

36

COZEN O'CONNOR
2001 M Street, N.W., Suite 500
Washington, DC 20036

Keri L. Schaubert
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007

Email: kekiner@cozen.com

*Attorneys for Defendants Apotex Inc. and
Apotex Corp.*

37